Look v. Henderson.

## LOOK & CORNELIUS V. HENDERSON.

The plaintiff cannot, under the 46th section of the act of 1846, to regulate proceedings in the District Courts, discontinue as to one of several makers of a promissory note not served who does not reside beyond the limits of the State and is not insolvent, and take judgment against an indorser, although he at the same time take judgment against the other makers. (Note 60.)

Where it does not appear when a judgment by default was rendered, the presumption is that it was rendered at the proper time.

· Error from Red River. The defendant in error brought suit against the plaintiff in error Look and one Griffeth as the makers and the plaintiff in error Cornelius as the indorser of a promissory note. There was service of process on the maker Look and the indorser; but there being no service on Griffeth, the other maker, the plaintiff discontinued as to him and took judgment by default against his joint promissor, Look and the indorser.

*Morgan*, for plaintiffs in error. The judgment is directly in conflict with the statute. (Vol. 10, p. 374, secs. 45, 46.)

II. A judgment by default cannot be rendered before the fifth day of the term. It should therefore appear from the record that it was rendered after that day. The record in this case does not show when the judgment by default was rendered.

WHEELER, J. Was it competent for the plaintiff to discontinue as to one of the makers of the note and take judgment against the indorser?

The 45th section of the act of 1846, to regulate proceedings in the District Court, (p. 374,) authorizes the plaintiff to [**304**] discontinue as to a party not served and proceed against those served with process. And the 46th section of the same statute enacts that the principal and the indorser or surety may be joined in the same suit, but declares that "no judgment in any such suit shall be rendered against the indorser or surety unless judgment is at the same time rendered against the principal, except where the plaintiff discontinues as to the principal because he resides beyond the limits of the State or because he is insolvent."

This statutory prohibition is decisive of the present question. It is not averred nor pretended that this case comes within the exception. The indorser ·sustained the same relation to Griffeth as to Look. Both were makers and appeared as principals upon the paper. The plaintiff had no more authority to discontinue as to the one than the other, and at the same time proceed against the indorser. But if he could discontinue as to one, why not as to both, and thus defeat the provision of the statute? Both makers constituted but one party upon the paper in their relation, to the indorser. As respects their liability to contemporaneous suit and judgment under the statute, they sustained to him the relation of principal; and to this question their liability was indivisible. The suit could not be discontinued as to one of them and judgment afterwards taken against the indorser.

It is also objected that it does not appear that the judgment by default was rendered on or after the fifth day of the term. But the presumption is that the judgment was legally rendered until the contrary appears.

We are of opinion that the court erred in permitting the plaintiff to discontinue as to one of the makers of the note and take judgment against the indorser, and that for· this error the judgment be reversed and the cause remanded for further proceedings.

                                                        Judgment reversed.

NOTE 60.—Moore *v.* James, 6 T., 227; Yale *v.* Ward, 30 T., 17.