Wheeler, J.
It is objected to the judgment, 1st. That the scire facias describes a judgment as having been rendered in Upshur county, the word “ said ” in the recital of the writ referring, it is insisted, to the last antecedent, which is Upshur.
2d. That tlie judgment is erroneously entered for tlie debt and interest.
As a general rule, an equivocal expression in pleading is to be construed against tlie party using it; yet when tlie opposite party has pleaded over, that, it is said, is an admission that the expression is to be taken in that sense which will support the previous pleading. And even in an indictment the word “said” will not be referred to the last antecedent, where the sense requires that it should be referred to some prior antecedent. (1 Chit. PL, 238-9.) Wo think in the present case it. is to be referred to the venue rather than to the address of the writ, the former indicating the county in which tlie judgment was of record, and tiie latter that in which the defendant resided.
Moreover, the defendant was advised by tlie petition for the writ in what county the judgment was rendered which it was proposed to revive. If there was a variance between the petition and writ of which he would have taken advantage', he should not have demurred'generally, but should have taken liis objection specially, so as that the plaintiff might have been afforded an opportunity to amend.
2. The remaining objection is well taken. It is erroneous [374] to enter judgment for debt or damages on a scire facias; the judgment should be simply that the plaintiff have execution, <fcc.
The judgment must therefore be reversed, and such judgment be here rendered as the court below ought to have rendered.
Ordered accordingly.