## F. S. ROY AND WIFE V. JOHN BREMOND.

This court will not notice any errors, except those assigned, unless they are such as go to the foundation of the plaintiff's action: it follows, that a judgment by default cannot be reversed for the insufficiency of the service, where it is not assigned as error.

Where there was judgment, in a suit on a note and mortgage, against a husband and wife, and, on a writ of inquiry, a verdict establishing their liability; the judgment being before this court on writ of error, the allegation that the mortgage was "duly acknowledged" by the wife, must be held to mean, that it was acknowledged in such manner as to be legally binding on her as her act and deed.

ERROR from Travis. Tried below before the Hon. A. W. Terrell. The facts are sufficiently apparent from the opinion.

*W. P. de Normandie*, for plaintiffs in error.

*J. A.* and *R. Green*, for defendant in error.

BELL, J. This was a suit by the defendant in error, against the plaintiffs in error, upon a note and mortgage, executed in consideration of the balance due on a judgment in favor of Bremond, the defendant in error, against F. S. Roy, one of the plaintiffs in error.

There was judgment by default, a writ of inquiry awarded by the court below, and the verdict of the jury, establishing the liability of both the defendants on the note and mortgage.

The service on the defendants was insufficient, under the rule established by this court, in the case of Graves v. Robertson, (*supra* 130,) decided at the present term. But the insufficiency of service is not one of the errors assigned; and as this court will not notice any errors except those assigned, unless they are such as go to the foundation of the plaintiff's action, it follows, that the judgment of the court below cannot be reversed, for the insufficiency of the service.

Roy v. Bremond.

There is a question, whether the allegations of the petition are sufficient to authorize the judgment against the wife, Jane Roy, for the foreclosure of the mortgage? The petition alleges, that the mortgage was "duly acknowledged" by both F. S. and Jane Roy, and was recorded, &c. We are of opinion, that the allegation that the mortgage was "duly acknowledged" by the wife, must be held to mean, that it was acknowledged by her in such manner as to be legally binding on her, as her act and deed. It is true, that an acknowledgment of a deed by a married woman, in order to be binding on her, must be done in a particular manner, and before an officer authorized by law to receive such acknowledgment. She must be privily examined ; she must make an acknowledgment, and a declaration. But we do not think it necessary that the petition should set forth all the particulars of the examination, acknowledgment and declaration. We think the allegation, that the wife "duly acknowledged" her deed, is sufficient to authorize the introduction of testimony, to show that the acknowledgment was in the manner required by law. To hold such an allegation to be sufficient, can never practically work an injury to the rights of married women. If, in point of fact, the acknowledgment is not in the manner required by law, the courts will always protect the married woman, if she will appeal to them for protection; and no requirement, in reference to strictness of pleading, will ever enable the courts to protect those who do not choose to appeal to them for protection. A majority of the court are of opinion, that there is no error in the judgment of the court below, and the same is therefore affirmed.

Judgment affirmed.

ROBERTS, J., (dissenting.) There is a judgment, by default, in favor of Bremond, against Roy and wife, on the note and mortgage, the rendition of which is assigned as error.

The petition, after setting out a copy of the note and mortgage, purporting to have been signed by F. S. Roy and Jane Roy, his wife, to secure a note given in satisfaction of a judgment against him, makes the following averment: "Which

"mortgage was duly acknowledged by the said F. S. and Jane "Roy, and was recorded in the records of the county of Travis, "and will be shown on the trial of this cause."

The writ of inquiry that was awarded in the cause, does not affect the case; for there were no facts to be ascertained, either as to the note or mortgage, which could not be implied by the default, under our statute regulating that subject. (Hart. Dig. Art. 812.) The question is, whether or not the above averment sufficiently shows the liability of the wife upon the mortgage?

The constitution of the State provides, that "all property, "both real and personal, of the wife, owned or claimed by her "before marriage, and that acquired afterwards by gift, devise "or descent, shall be her separate property; and laws shall be "passed more clearly defining the rights of the wife, in relation "as well to her separate property, as that held in common with "her husband. Laws shall also be passed providing for the "registration of the wife's separate property." (Const. Art. 7, § 19, Hart. Dig., p. 73.)

In pursuance to this provision, during the first two sessions of the Legislature, the laws upon this subject were revised and amended, and others enacted, "better defining the marital rights "of parties," (Hart. Dig. p. 737,) "to provide for the registra-"tion of the separate property of married women," (Id. p. 840,) and "defining the mode of conveying property in which the wife "has an interest." (Id. p. 131.) The last act prescribes, "that "when a husband and wife have signed and sealed any deed, or "other writing, purporting to be a conveyance of any estate, "or interest in . . . . . . . the separate property of the wife, " . . . . . if the wife appear before any judge, . . . . . and "being privily examined by such officer, apart from her hus-"band, shall declare that she did freely and willingly sign and "seal the said writing, to be then shown and explained to her, and "wishes not to retract it, and shall acknowledge the said deed "or writing, so again shown to her, to be her act, thereupon "such judge, &c., shall certify such privy examination, acknow-"ledgment and declaration, under his hand and seal, by a cer-

Roy v. Bremond.

"tificate annexed to said writing, . . . . . and such deed or "conveyance, so certified, shall pass all the right, title and "interest, which the husband and wife, or either of them, may "have in and to the property therein conveyed." (Id. p. 131.)

There is a rule of presumption, which underlies this enactment, and that is, that when the wife acts in conjunction with her husband, she is presumed to act under his influence. Under the common law, strictly, she had no power to contract, and hence the invention of a fine and recovery, as modes of transferring her lands, which she could not do by deed. (Sheppard's Touch. p. 289.) Upon the abolition of fines and recoveries in England, a mode of transfer was prescribed for conveying the wife's lands, to which ours is quite, if not exactly, similar. (4 Kent's Com. 497-8-9, and note; Hill on Trustees, 405.) So far was the presumption of this influence of the husband over the wife recognized, that she was excused from the penalty of various offences, when committed by her in conjunction with her husband; which exemption has been in effect only modified rather than abolished, in our Criminal Code. (Art. 38.)

In subjects of equitable cognizance, this presumption was somewhat relaxed, though not entirely abandoned. Property conveyed to a trustee, to hold for the sole and separate use of a married woman, was treated by courts of equity as her property; and as an incident of such full ownership, they recognize her right to charge it with the payment of debts contracted by her, and also to dispose of it by deed. But in all such cases, the court of equity will take care, in administering the trust, not to charge her estate with any contracts, unless they were entered into by her with that intention, clearly expressed or implied; and that no transfer of her estate will be held to divest her, unless it has been done freely, and without any undue influence. (1 Story's Eq. Jur. § 243, p. 247.) This subject is fully discussed, and authorities referred to, by the late Chief Justice, in the cases of Cartwright v. Hollis, 5 Tex. Rep. 152; Hollis v. Francois, Id. 195; Shelby v. Burtis, 18 Id. 644.

It is to be observed that, to pass her estate, whether legal or

equitable, as she might do by fine, it was necessary for her to be examined apart from her husband, so as to ascertain that she gave her free consent. (Sheppard's Touchstone, p. 9; Hill on Trustees, p. 405; 2 Powell on Mortgages, p. 706.)

And speaking of trust estates, the late Chief Justice says: "These dispositions of the wife's equitable estate, in favor of the "husband, will be closely scrutinized; and they must be free "from symptoms of fraud, coercion, or undue influence." (Hollis v. Francois, 5 Tex. Rep. 195.) Neither the common law nor Spanish civil law, would permit the wife to bind herself as surety for the husband. And while courts of equity permitted it, as to her trust property, they held the subject under their control, ever ready and watchful to protect her from undue influence.

Such, then, are some of the evidences of the presumed influence of the husband, as exhibited in the rules prescribed for her protection. So, too, the above quoted statute presupposes the influence of the husband, and seeks to protect her against it. It embodies the rule, without expressing it in terms, that to give validity to the deed of the wife, it must be made to appear, affirmatively, that she did freely and willingly sign and seal said writing; and that, after having it explained to her, she again deliberately and freely declared it to be her act. To make it valid, then, she must not only execute the deed, but also ratify and confirm it, in a manner, and under such circumstances, as will negative the presumption of any influence; and this ratification is styled, by the Act itself, her "examination, acknowledgment and declaration," and not her acknowledgment alone. From an allegation that she had executed the deed, it could be implied that she had signed, sealed and delivered, but not that she had thus formally ratified it. Without such ratification, the deed is no more as to her than blank paper. If, by the most liberal construction, it would be held, that this ratification would be her completion of the execution of it, that will be found not to be justified in this case, because the mortgage deed, alleged to be executed, is set out in the petition *in hæc verba*, and this ratification is not attached to it, as required by the

statute. Being thus set out, the court is required to determine its legal effect, as it appears upon the record. (Gould's Pl. 159.) "It is a general rule that, in declaring upon a deed or other in-"strument, consisting of several distinct parts, the plaintiff is "required to state only so much of the instrument as consti-"tutes, *primâ facie*, a complete right of action." (Id. 177.) This ratification, or, as the statute styles it, her "examination, acknowledgment and declaration," which is omitted to be set out, is the essential ground or gist of action against her, and must be set out. (Id. 174–5.)

Is this omission supplied, by the averment that "said mortgage was duly acknowledged by said F. S. and Jane Roy, and was recorded," &c.? Some of the reasons why this averment is not believed to be sufficient are: 1st. The expression, when all its parts are considered, conveys the idea that it was acknowledged for record, rather than that it was her examination, acknowledgment and declaration; for they both acknowledge it, and does that mean that one acknowledges it in a different way? There was no necessity to state that it was recorded; and the fact that it is so stated, in its connection, tends strongly to show what sort of acknowledgment was intended. The words used fully represent the idea of an acknowledgment for record, but fall short of it in reference to her "examination, acknowledgment and declaration," certified by a proper officer. The word "*duly*" does not supply this deficiency, because it is the expression of a legal conclusion, and not of issuable facts. (1 Chit. Pl. 236; Gould's Pl. 182; Mure v. Kaye, 4 Taunt. Rep. 34.) It is, at least, equivocal in its meaning, and should be taken in the sense most unfavorable to the pleader. (Camp v. Gainer, 8 Tex. Rep. 372; 1 Chit. Pl. 236.)

Our statute requires "a *full* and *clear* statement of the cause of action." (Hart. Dig. Art. 671.) More than this would hardly be required by any system of pleading. (1 Chit. Pl. 233.) A practical rule, as to the certainty with which statements of facts are to be made, is, that the subject matter of the action must be described with *convenient* certainty, and

that no greater certainty is required than the subject will *conveniently* admit of, so that it be sufficiently certain that the adverse party, the counsel, the jury, and the judges, can fully *understand* the subject matter. (Gould's Pl. 181.) Are the facts of "her examination, acknowledgment and declaration," certified by the proper officer, expressed with the certainty which the subject will *conveniently* admit of? The averment is not pertinent and appropriate to allege those particular facts; nor is it, indeed, broad enough to embrace them; and therefore it would not have been competent to prove them under it.

In the reported cases, where the wife has been sought to be rendered liable upon her deed, the certificate of examination, &c., if any had been executed, is as fully set out as any other part of the instrument, necessary to its validity. (Hollis v. Francois, 5 Tex. Rep. 195; Shelby v. Burtis, 18 Id. 644.) In the case of Womack v. Womack, 8 Id. 397, there was no such certificate of examination, &c., ever made, and there it was thought necessary to allege, as independent facts, in order to bind her, that she freely and willingly executed the bill of sale; and that she never afterwards, up to her death, manifested any objection to it as her act. The views advanced in the opinion approbate such a course, though that was a point not conclusively decided, not being necessary.

The conclusion, then, is, that both principle and practice require that her "examination, acknowledgment and declaration," certified to properly, are facts upon which her liability on her deed depends; and that, to state a cause of action against her arising thereon, they must be well pleaded, (Catlin v. Glover, 4 Tex. Rep. 152;) and that this has not been done in this case.

The judgment determines the negro, in reference to this suit, to belong to Roy or his wife, one or the other, or both. If the judgment is erroneous as to the wife, the judgment as to the mortgage is entirely erroneous; for if it stand in force, it is an adjudication, that the property could be condemned to be sold as the property of F. S. Roy, which is not what was determined.