Roberts, J.
—If there is a cause of action stated in the petition, the verdict and judgment in this case must stand.
It is a suit against appellant, to recover an amount of money upon a warranty in a deed executed by her while femme covert, and to foreclose a mortgage upon two negroes, executed by her at the same time, to secure a title to the land described in the deed.
The petition alleges, that she and her husband bargained and sold, and conveyed the land by deed, “ a copy of which deed of conveyance is hereunto annexed and herewith filed, marked exhibit A, and is prayed to be taken as a part of this petition; which deed was duly acknowledged and delivered by said George W. Nichols and Rachael S. Nichols to the said Grinage,” (appellee’s intestate.) The deed exhibited has attached to it a certificate of private and separate examination of the wife, which does not state that the deed was explained to her, and that she declared that she did not wish to retract it.
Although this case may be different in its facts from that of Nichols v. Stewart, in 15 Tex., 235, it is not necessary now to consider the questions arising upon the defects of the certificate, or whether or not they are such as may be obviated> by explanatory evidence; because the judgment is rendered foreclosing the mortgage, and that is made an exhibit of in the petition in the same way as the deed, and is no acknowledgment of the mortgage whatever by the wife, nor is there any allegation in the petition -that she acknowledged the mortgage to be her act and deed privately and apart from her husband, or in any manner whatever. There is attached to the mortgage exhibited an affidavit of a witness, proving the execution of it in the usual mode of making such proof, *113 to authenticate the deed for recording it. The facts of this case, therefore, in relation to the mortgage, are materially different from those in the case of Boy v. Bremond, 22 Tex., 626. In that case, it was held that the allegation in the petition, that the mortgage was “ duly acknowledged,” would, under the circumstances of that case, be understood to mean, that it was acknowledged in the manner prescribed by the statute, so as to be legally binding on her. There is no such averment in this petition of her acknowledgment of the mortgage. The whole averment in reference to the mortgage is as follows, to wit: “ That to secure the covenant of warranty of title in the aforesaid deed of conveyance, the said George W. Nichols and Bachael S. Nichols, his wife, on the 25th day of December, A. D. 1843, made, executed, and delivered unto the said Grinage a mortgage on said negro slaves, which mortgage is hereunto attached and herewith filed, marked exhibit B, and is prayed to be taken as a part of this petition.” To recognize this as her deed, under such an allegation, would be to disregard altogether the necessity of the acknowledgment by a femme covert, as prescribed by law.
For this manifest defect in the cause of action, as presented in the petition, the judgment is
Beversed and the cause remanded.