## GEORGE PFEUFFER v. KATRINA STRUMPEL.

COMMISSION OF APPEALS, AUSTIN TERM, 1882.

*Decedent's estate—Acion by creditor against intermeddler, for injunction—Contest over administration—Clerk—Jurisdiction of court.*—In an action to enjoin the defendant against intermeddling with certain property of the estate of a decedent, in was alleged in the petition, that the plaintiff had a large claim against the estate, secured by a lien upon said property; that a certain person had applied for permanent letters of administration upon said estate,

but that such application being contested by another, temporary administra. tion had been granted to such applicant; that the court at which such contest. was to have been tried, had failed to convene, when the clerk of the court had. granted administration to the defendant, who had taken control of said property and was so using it as to endanger its destruction by fire.

*Held*, that the clerk had no power to appoint the defendant during such contest, that such matter belonged to the court for decision, and that plaintiff's. petition was sufficient to authorize the injunction prayed for.

Appeal from the District Court of Comal county—W. O. Hutchinson for appellant.

Appellee instituted this suit against appellant August 21, 1875, to enjoin him from trespassing upon and controlling, managing and operating certain mill property belonging to the estate of Victor Boehme, deceased. Henriette Boehme, who had been appointed temporary administratrix of the estate, who, it seems, the clerk had attempted to remove, and who, it also appears, had ceased to act as such, was also made a party defendant, but no particular recovery was sought or obtained. The case, as made, is, in substance, as follows:

Appellee held a large claim against the estate of Victor Boehme, secured by a lien upon a certain factory or mill owned by the estate. In April, 1875, Henriette Boehme made application to the clerk of the district court, in vacation, to be appointed permanent administratrix of the estate. H. Ludwig contested the application, and the matter was adjourned to the next term of the court, and Henriette Boehme was appointed and qualified as temporary administratrix. The court was not held at the time fixed by law, and the clerk, notwithstanding the pending contest, made an order appointing appellant permanent administrator of the estate, who gave bond and took the oath as such. He thereupon took charge of the factory, or mill, and commenced to operate the same. The plaintiff claimed that the attempted appointment of appellant was without authority of law and invalid, and that appellant was a trespasser, operating the mill in such a way as to greatly endanger it from fire; and that if not restrained, he would waste the property and convert the revenues to his own use, and destroy plaintiff's security.

The defendant answered, but owing to the fact that there is no assignment of errors in the record, it is not necessary to give the substance of the answer.

The cause came on for trial February 9, 1876, and resulted in a judgment in favor of the appellee, perpetually enjoining appellant

from interfering with the estate. From that judgment this appeal was taken, but no errors were assigned.

Opinion by Watts, J.—Owing to the fact that there is no as-signment of errors in the record, the only thing for determination is as to whether there is any such error shown by the record as goes to the foundation of the plaintiff's action. (Chevalier v. Whitaker, 8 Texas, 204; Ray v. Bremond, 22 Texas, 626; R. G. R. R. Co. v. Scanlan, 44 Texas, 649.)

Under the probate law then in force, the clerk of the district court was authorized and empowered to appoint, in vacation, per-manent as well as temporary administrators. And a temporary ad-ministrator, when appointed, continued to act as such until the ap-pointment and qualification of a permanent administrator. In the event a contest arose before the clerk with respect to the appoint-ment of a permanent administrator, the law, *ipso facto,* suspended his power to act in the matter, and continued it over to be deter-mined by the court. (General Laws 1873, pages 108 and 109.)

When the contest arose between Boehme and Ludwig, as to the permanent administratorship of the estate of Victor Boehme, de-ceased, the clerk therefore had no power or authority over the mat-ter, and the attempted appointment by him of the appellant as such permanent administrator, pending that contest, was without authority of law, and conferred upon the appellant no right or au-thority to manage, control or interfere with the property of the estate.

By the allegations in the petition, it is shown that appellee has a large claim against the estate, secured by liens upon the mill prop-erty belonging to the same; that appellant had, without authority of the law, entered upon and taken posesession of said mill prop-erty, and was operating it in such a way as to greatly endanger its destruction by fire, and would waste the property, and convert the revenues arising from it to his own use; and that in this way, by the wrongful and unauthorized acts of appellant, the security of appel-lee was in great danger of being destroyed.

Ordinarily, where there is an administrator of an estate, the credi-tor will not be allowed to intermeddle with the matter, by injunction or otherwise, to protect the estate from waste or destruction, for the law imposes that duty upon the administrator, and a failure to discharge his duty in this respect renders him liable upon his offi-cial bond. But here it appears from the allegations in the petition that the temporary administratrix had virtually abandoned the es-

tate, and was acquiescing in the unauthorized and wrongful use of the same by appellant.

Besides, the district court had original jurisdiction over the estate, and it had the power, and the law imposed upon it the duty, of protecting the estate, at least until a permanent administrator had been appointed and qualified.

In our opinion, a good cause of action is shown by the allegations in the petition, and that there is no such error made manifest by the record as would require a reversal of the judgment.

We conclude that the judgment ought to be affirmed.

Report of Commissioners of Appeals examined, their opinion adopted and the judgment affirmed.—GOULD, C. J.