DELAUNE v. BEAUMONT IRR. CO.†

(Court of .Civil Appeals of Texas. April 1, 1911. Rehearing Denied April 20, 1911.)

1. JUDGMENT (§ 870*)—REVIVAL—SCIRE FACIAS—SUFFICIENCY.

A scire facias to revive a judgment showing that the judgment was rendered in the district court of a given county in and for a certain district in a numbered cause, giving the date and the names of the parties, and stating that the suit was one involving a boundary question, and that final judgment was rendered in said court directing that a writ of possession issued for the land involved as well as execution for all costs, all being the same as in the original judgment, sufficiently identified such judgment, though the land itself was not described.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 1617, 1623; Dec. Dig. § 870.*]

2. JUDGMENT (§ 870*)—REVIVAL—SCIRE FACIAS.

In determining whether a judgment on scire facias sufficiently identifies the judgment sought to be revived, the statements contained in the writ. may be looked to in aid of the judgment.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 1632; Dec. Dig. § 870.*]

3. JUDGMENT (§ 870*)—REVIVAL—SCIRE FACIAS—NATURE OF PROCEEDING.

A proceeding to revive a judgment by scire facias is not a new suit, but a continuation of that wherein the judgment was rendered, and the same particularity in such proceeding is not required as in stating a cause of action in the original complaint.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 1613; Dec. Dig. § 870.*]

4. JUDGMENT (§ 870*)—SCIRE FACIAS.

A judgment on a scire facias to revive a judgment directing that the defendant in the action have its writ of possession for the land involved, as well as execution for costs, was erroneous, in so far as it undertook to adjudicate and determine the amount of the cost for which an execution was directed to issue.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 1631; Dec. Dig. § 870.*]

5. APPEAL AND ERROR (§ 1153*)—MODIFICATION OF APPEAL—RENDERING PROPER JUDGMENT.

That a judgment on a scire facias to revive a judgment erroneously undertook to adjudicate and determine the amount of costs for which execution was directed to issue was not error requiring a reversal, since the appellate court might reform such judgment and render the proper judgment.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4507–4512; Dec. Dig. § 1153.*]

Error from District Court, Jefferson County; L. B. Hightower, Jr., Judge.

Suit by the Beaumont Irrigating Company against A. Delaune. Judgment for plaintiff, and defendant brings error. Reformed and affirmed.

See, also, 128 S. W. 174.

J. D. Martin, for plaintiff in error. A. D. Lipscomb, for defendant in error.

McMEANS, J. This is a suit by the Beaumont Irrigating Company by scire facias to revive a judgment theretofore rendered in its favor against A. Delaune. Judgment was rendered against Delaune by default, and he brings the case to this court by writ of error.

Plaintiff in error complains (1) that the judgment rendered upon scire facias does not identify nor describe the land recovered in the former judgment so as to authorize a writ of possession to issue; (2) that the judgment rendered in pursuance of the scire facias does not revive the original judgment without which no writ of possession or execution for costs should issue; and (3) that there was error in the judgment rendered in this case wherein said judgment undertakes to adjudicate and determine the amount of costs for which an execution was directed to issue. The proceeding for revival was begun by the issuance of the writ of scire facias dated May 31, 1909, and duly served upon plaintiff in error on June 1, 1909, which writ is as follows: "The. State of Texas. To the Sheriff or any Constable of Jefferson County, Greeting: By delivering a copy of this writ to A. Delaune, if to be found in your county, you will give notice to the said A. Delaune, that at the next regular term of the district court, in and for the 60th judicial district of Texas. at Beaumont, Jefferson county, to be begun and holden at ten (10) o'clock a. m. on the 7th day of June, A. D. 1909, an order will be entered directing that execution issue in favor of defendant on a judgment for costs rendered in the said court on the 12th day of March, 1904, in cause No. 2,658, wherein the said A. Delaune is plaintiff and the Beaumont Irrigation Company (otherwise called the Beaumont Irrigating Company) is defendant, unless cause be shown to the contrary. The said cause is a suit involving a boundary, and the final judgment therein was for the defendant, Beaumont. Irrigation Company, directing that the said defendant should have its writ of possession for the land therein involved, as well as its execution for all costs by it incurred in that behalf; and in said cause there was made several orders appointing A. B. Doucette, L. J. Kopke, and A. E. Stimson as court surveyors, all of whose fees and expenses for surveys made as directed in said cause have been paid by the defendant, as well as other costs incurred by the defendant in said cause, a full copy of the bill of cost therein being made a part hereof as follows: [Here follows itemized bill of costs.] That all of said costs (except 89 cents of unpaid costs of plaintiff) has been paid by the defendant, who desires its writ of execution therefor against the plaintiff, as well as its writ of possession. That from said final judgment an appeal was prosecuted to the Court of Civil Appeals of the First Supreme Judicial District of Texas, which affirmed the said judgment of March 12, 1904, the mandate of said Court of Appeals being herein duly filed on the 18th day of

April, 1905; that defendant asserts that none of said costs has been paid by plaintiff, and no execution has been issued therefor. Herein fail not, but of this writ make due return on or before the said first day of the next regular term of said court, showing how you have executed the same," etc. Thereafter, on the 8th day of October, 1909, the following judgment was rendered: "A. Delaune v. Beaumont Irrigation Co. No. 2,658. 8th day of October, 1909. This day came on to be heard the writ of scire facias herein issued on the 31st day of May, 1909, and it appearing that the plaintiff, A. Delaune, has been duly served with the said writ, and the same is returnable to this term of court, and that service thereof was made more than ten (10) days prior to the return day of said writ, and that said A. Delaune has wholly failed to answer thereto, it is therefore ordered, adjudged, and decreed that the final judgment hereinbefore rendered and entered in favor of the Beaumont Irrigation Company, otherwise called the Beaumont Irrigating Company, against the plaintiff, A. Delaune, for costs which are set out in detail in the aforesaid writ of scire facias, be, and the same is hereby, revived, and that the defendant Beaumont Irrigation Company may have its writ of possession as ordered in said judgment and its writ of execution for the costs so set out in the aforesaid writ of scire facias, as many and as often as may be necessary, as well as for the costs of the aforesaid writ of scire facias."

[1] We think that the scire facias sufficiently described the judgment sought to be revived. It shows that the judgment was rendered in the district court of Jefferson county in and for the Sixtieth judicial district in cause No. 2,658, in which the plaintiff in error here was plaintiff and the defendant in error here was defendant and the date of such judgment is given. It further stated that the suit was one involving a boundary question, and that final judgment was rendered in said court directing that the Beaumont Irrigating Company should have its writ of possession for the land therein involved, as well as its execution for all costs incurred in that behalf. The judgment appealed from was rendered in the same cause, gave the names of the same plaintiff and defendant and the same docket number, ordered that the former judgment be revived and writ of possession for the land and execution for costs be issued.

[2, 3] Looking to the statements contained in the writ in aid of the judgment, and it seems that this may be done (Croom v. Winston, 18 Tex. Civ. App. 1, 43 S. W. 1074), and bearing in mind that the proceeding to revive by scire facias is not a new suit, but is the continuation of the one in which the judgment was rendered (Masterson v. Cun-

diff, 58 Tex. 474; Perkins v. Hume, 10 Tex. 50), and that the same particularity in such proceedings is not required as in stating a cause of action in the original complaint (Booth v. Pickett, 53 Tex. 440), we think that the judgment sought to be revived was sufficiently identified by the judgment appealed from, and that the first objection made by plaintiff in error is without merit and should be overruled.

Nor is there any merit in the objection that the judgment appealed from does not revive the original judgment. It will be seen from the judgment as copied above that it does this in express terms.

[4] But we agree with plaintiff in error that the judgment was erroneous in so far as it undertook to adjudicate and determine the amount of costs for which an execution was directed to issue. The judgment should have been simply that the plaintiff have its writ of possession for the land and its execution for costs. Camp v. Gainer, 8 Tex. 372. Anything further than this was unnecessary and unauthorized. While the judgment did this, it went further and ascertained the amount of costs and rendered judgment therefor.

[5] While this was wrong, it was not such an error as requires a reversal of the judgment, as, having the case before us, we can reform the judgment and here render such judgment as should have been rendered by the court below. Camp v. Gainer, supra. The judgment of the court below will be so reformed as to revive the former judgment and direct the issuance of the writ of possession for the land and execution for costs, and, as so reformed, the judgment of the court below is affirmed.

Reformed and affirmed.