Michael English v. J. V. Hutchins.

(No. 3608.)

TRESPASS TO TRY TITLE — ACTION OF.— An action involving the determination of the title to land is, in effect, an action of trespass to try title, whatever be its form.

EVIDENCE — TRUST SALE — NOTICE.— Parol evidence admissible to prove length of time notices were up.

APPEAL from Hays county. Opinion by WALKER, J.

STATEMENT.— This suit was brought by Hutchins against English to recover possession of a tract of land, in form of an action of trespass to try title. The plaintiff's title was derived under a sale made to one Herndon, trustee, in a deed of trust made to secure the payment to said Hutchins of two promissory notes given by said English, Isaac Marchant and Austin A. Carnin, as joint purchasers and copartners, to said Hutchins for the purchase money of the land in controversy.

One of the notes was given for $400, due at thirty days, and the other for $1,200, due at two years. The notes, deed of conveyance of the land from Hutchins to the makers of the notes, and the deed of trust, were all of even date, viz., August 31, 1876. On the 23d of February, 1877, the plaintiff became the purchaser at the sale of the property, made by the trustee named in the deed of trust; to satisfy the alleged unpaid portion of the $400 note the trustee conveyed to him by deed the said property, and he claims through the same. The defendant defends against the plaintiff's title on two grounds, viz.: that the note of $400 was all paid except the sum of $25, which balance was tendered by defendant to plaintiff on the day and before sale of the property, which tender was refused; and that the sale was made without the required notice of thirty days stipulated to be given in the deed of trust in case a sale of the property should be made by virtue of it. The cause was submitted to the jury; verdict for plaintiff; motion for new trial overruled and case appealed.

Opinion.— The appellant assigns as error the overruling of defendant's demurrer and special exceptions to the plaintiff's amended petition. The plaintiff's action was plainly a suit to try the title to the land, and where that is the case it is in effect an action of "trespass to try title," and it is not essential to constitute it such that the technical allegations of actual trespass and ouster, as urged in the defendant's special exceptions, shall be made in conformity to the rules applicable to actions of ejectment at common law. The plaintiff in his petition alleged ownership and set out the title under which he claimed; he alleged possession by the defendant, and prayed for restitution of possession and for general relief. These elements were sufficient to constitute it an action of trespass to try title. See Grimes v. Hobson, 46 Tex., 416; Dangerfield v. Paschal, 20 Tex., 537; Sheppard v. Cummings, 44 Tex., 503.

Appellant's third ground of assigned error is that the court erred in admitting in evidence, over defendant's objection, an agreement signed by the San Marcos Milling & Manufacturing Company. The objection urged was on the ground in effect that it did not purport to be the authorized act of the defendant or a company of persons under the name affixed or signed to it. Under the issues in the case there was no error in admitting it. The only remaining question is as to whether there was evidence of the required notice of the sale under the deed of trust. According to dates written on notices there were only twenty-nine days, but Hutchins testified that they were issued on the day preceding that date, thus making thirty days. Parol evidence was admissible for that purpose. The charge of the court was correct. From a due consideration of all the questions presented by the assignment of errors there is no such error for which the judgment ought to be reversed.

Judgment affirmed.