## SOUTHERN ROCK ISLAND PLOW COMPANY v. PITLUK, MEYER & CO.

### Decided May 8, 1901.

**1.—Lis Pendens Purchaser—Bill in Equity Against.**

The plaintiff in a judgment for the recovery of personal property or its value may, by an original bill in equity, have a party who has bought the property from the defendant declared a purchaser pendente lite and adjudged liable by virtue of the judgment as though he had been in a party to the original action. See petition held sufficient.

**2.—Same—Purchaser's Liability.**

A purchaser of property pendente lite is as much bound by the judgment as though he had been a party defendant, and the fact that he purchased for the benefit of others makes no difference.

**3.—Plea in Abatement—Jurisdiction.**

Where a defendant has appeared and invoked the judgment of the court upon the sufficiency of the petition before pleading in abatement his privilege of being sued in the county of his residence, the court should have retained jurisdiction despite the plea.

Error from Dallas.   Tried below before Hon. J. J. Eckford.

*Finley, Harris, Etheridge & Knight,* for plaintiff in error.

*Crawford & Crawford,* for defendant in error.

### ON MOTION FOR REHEARING.

NEILL, ASSOCIATE JUSTICE.—On October 10, 1896, the Southern Rock Island Plow Company, plaintiff in error, instituted suit in the District Court of Dallas County against Pitluk, Meyer & Co. and J. H. LeGrand. By its amended petition, filed December 5, 1896, plaintiff in error alleged that the defendants resided in the county of Smith, State of Texas; that Pitluk, Meyer & Co. were merchants, and by false and fraudulent representations as to their solvency and financial condition, induced the plow company to sell them upon a credit of six months twenty-five wagons of the aggregated value of $1135, for which amount Pitluk, Meyer & Co. on September 11, 1896, executed to the plow company their promissory note due six months after date. On October 9, 1896, Pitluk, Meyer & Co. executed a deed of trust to the defendant, L. H. LeGrand, as trustee for certain creditors therein named, conveying to him the entire stock of merchandise, including the wagons above

mentioned. Upon filing the original petition a writ of sequestration was issued, directed to the sheriff of Smith County, and was by him levied upon the wagons in the possession of LeGrand, who executed a replevy bond and retained possession of the property. The prayer in the amended petition is for a judgment for the wagons, with a .fore-closure of the sequestration lien thereon; and, in the alternative, for the value of the wagons, in the event the defendants have converted the same or any part thereof.

On September 18, 1897, the court rendered its judgment in favor of the plow company, reciting that the property replevied was of the aggregate value of $1180.30, and that the Southern Rock Island Plow Company have and recover of the defendants, LeGrand and Pitluk, Meyer & Co. the title and possession of the ·property, and that a writ of possession issue, commanding all persons in possession of the property to surrender the same to plaintiff. By which judgment it is provided that if the property could not be had, the plaintiff recover jointly and severally of the defendants, LeGrand and Pitluk, Meyer & Co. and of Rowland and Haden, sureties on the replevy bond of said LeGrand, the sum of $1180.30, the value of the property assessed by the court. Thereafter, on January 21, 1898, execution having theretofore been issued to Dallas County, an alias execution was issued to Smith County, directed to the sheriff or any constable, commanding him to make out of said J. H. LeGrand, M. Pitluk, J. Meyer, and the firm of Pitluk, Meyer & Co., as principals, and H. H. Haden and H. H. Rowland, as sureties on the replevy bond, jointly and severally, the sum of $1180.30, with interest on said sum at the rate of 6 per cent from September 18, 1897, together with $56 costs. On February 3, 1898, this execution was, by the sheriff of Smith County, returned nulla bona, no process ever having issued for the seizure and delivery to plaintiff in error for the wagons sequestered by plaintiff in error and replevied by LeGrand. Thereafter, on February 4, 1898, plaintiff in error filed this suit against J. D. Crawford, praying that an execution issue against him for the judgment recovered by plaintiff in error against Pitluk, Meyer & Co., J. H. LeGrand, and Rowland and Haden, sureties on the replevy bond executed by said LeGrand. The motion recites the institution of the suit by plaintiff in error against Pitluk, Meyer & Co. and J. H. Le-Grand, the issuance and levy of the writ of sequestration, the execution of the replevy bond by LeGrand, the rendition of the judgment, the issuance of the execution and the return nulla bona, and then alleges that shortly after LeGrand replevied the wagons, he sold the same, together with all other goods which had been conveyed to him by Pitluk, Meyer & Co. to J. D. Crawford & Co., a firm composed of J. D. Crawford and J. D. Moody, the latter being notoriously insolvent. It charges that J. D. Crawford was a purchaser pendente lite, and prays the court to direct that process issue upon the judgment rendered in favor of plaintiff in error against Pitluk, Meyer & Co., J. H. LeGrand, and

Rowland and Haden, sureties on the replevy bond, to enforce the collection of said judgment, against J. D. Crawford.

On April 1, 1898, J. D. Crawford answered this motion by exceptions: 1. Because the same is not conformable to any procedure known to the laws of this State.   2.   Because it appeared that after the levy of the writ of sequestration the goods were replevied by the defendants and no longer in the custody of the law; and answering he disclaimed all interest in the property, and alleged that he was the agent of the H. B. Claflin Company, of New York; that the H. B. Claflin Company, W. L. Moody & Co., Ullman, Lewis & Co., the last named firms residing in Galveston, Texas, and the First National Bank of Tyler, Texas, were creditors of Pitluk, Meyer & Co., and that said corporations and firms purchased from J. H. LeGrand the goods conveyed by him to Pitluk, Meyer & Co.; that said four concerns, upon some agreement between themselves, went into possession of the property, and then adopted the trade name of Crawford & Company to represent their joint interest in the property and as the name under which the business should be conducted.   That said four concerns were the real parties at interest in the matter; that he never at any time had or claimed any interest in the property, and prays that said concerns be made parties to the suit, and that he be discharged.

January 2, 1900, plaintiff in error filed its first amended motion for execution, making parties defendant W. L. Moody & Co., of Galveston, Ullman, Lewis & Co., of Galveston, the H. B. Claflin Company, a corporation organized under the laws of New Jersey, and the First National Bank of Tyler, Texas.   The allegations are substantially the same as in the original motion, except that it is alleged that after LeGrand replevied the property, as stated in the original motion, he sold the same, along with all the other goods conveyed to him by Pitluk, Meyer & Co., under the terms and provisions of the deed of trust in bulk to the H. B. Claflin Company, First National Bank of Tyler, Ullman, Lewis & Co., and W. L. Moody & Co., the defendants in this motion, who were creditors of Pitluk, Meyer & Co., and by their direction and with the consent of the defendant, J. D. Crawford, the agent and representative in the transaction of the said H. B. Claflin Company, the title to the said property was taken in the name of J. D. Crawford & Co.; that afterwards the said J. D. Crawford and his principals took possession of the property sequestered and converted it to their own use.

The H. B. Claflin Company, Ullman, Lewis & Co., W. L. Moody & Co., and the First National Bank of Tyler filed pleas of privilege and other matters of defense not necessary to set out.   The sufficiency of the pleas of privilege were not questioned.

The court sustained the pleas of privilege and to the jurisdiction, it being agreed in open court that the facts stated therein were true.   The exceptions of all the defendants were sustained and the motion dismissed.

*Opinion.*—Upon reconsideration of this case, we regard the petition of plaintiff in error as being in the nature of an original bill in equity filed against J D. Crawford, for the purpose of having him· declured a purchaser pendente lite of the property involved in the suit of the Southern Rock Island Plow Company against Pitluk, Meyer & Co. and J. H. LeGrand, and as such purchaser to have him declared liable by virtue of said judgment as though he had been a party to the original suit. Under this view of it, we are of the opinion that the petition shows a good cause of action against him, and that the court erred .in sustaining his exceptions thereto; and that Crawford, having appeared and invoked the judgment of the court upon the sufficiency of the petition, before pleading in abatement his privilege of being sued in the county of his residence, the court should have retained jurisdiction as to him, and determined the case upon its merits.

It is a general rule that the purchaser of property who buys pending litigation concerning it, comes into privity with his vendor, so as to be bound by the judgment in that suit, the same as if made a party to the record. Black on Judg., sec. 550, and authorities cited. Whether the object of lis pendens be constructive notice, or to hold the subject of the suit, or res, within the power of the court so as to enable the court to give effect to its judgment or decree, the decision of the court will be binding, not only on the litigant parties, but also on those who derive title under them by alienations made pending the suit. 2 Pom. Eq., sec. 632; Norris v. Ille, 152 Ill., 190; 53 Am. St. Rep., 234, and authorities cited. As is said by the Supreme Court in Tilton v. Ofield, 93 United States, 169, "The law is that he who intermeddles with property in litigation does it at his peril, and is as conclusively bound by the results of the litigation, whatever they may be, as if he had been a party to it from the outset." In the same opinion, in speaking of purchasers pendente lite, it is said: "They took the chances and must abide the result. Having obtruded themselves upon the property attached, they insist their purchase narrowed the rights of plaintiffs, and circumscribed the jurisdiction of the court. Such ·is not the law. After their purchase, the court, the parties, and the res stood in all respects as they stood before; and the judgment, sale, and conveyance have exactly the same effect as if the appellees and the facts upon which they rely had no existence." It makes no difference for whom Crawford was acting, whether for himself or others, when he purchased, took possession of, and disposed of, the property when the suit was pending. Having taken the property and disposed of it pending the suit therefor, he is ·as much bound by the judgment rendered, both as to the ownership and value of the property, as though he had been a party defendant. All that is necessary to make said judgment operative and have process issue thereon against him, is to show that he purchased (whether ·for himself or others, it makes no difference) the property involved in that suit pendente lite.

The motion for rehearing is granted, and for reason of the error indicated, the judgment of the District Court is reversed and the cause remanded.

*Reversed and remanded.*