JORDAN et al. v. JOHNSON et al.

(Court of Civil Appeals of Texas. Ft. Worth. March 1, 1913.)

1. APPEAL AND ERROR (§ 1058*)—HARMLESS ERROR—EXCLUSION OF EVIDENCE.

Any error in excluding the answers to questions in depositions was harmless, where the same evidence was substantially embraced in answers given by the witnesses to other interrogatories, and introduced in evidence.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4195, 4200–4204, 4206; Dec. Dig. § 1058.*]

2. APPEAL AND ERROR (§ 1050*)—HARMLESS ERROR—ADMISSION OF EVIDENCE.

Any error in admitting evidence was harmless, where similar evidence was admitted without objection.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1068, 1069, 4153–4157, 4166; Dec. Dig. § 1050.*]

3. WITNESSES (§ 392*)—IMPEACHMENT—AFFIDAVIT.

An affidavit by a witness, containing statements in conflict with material evidence given by her on the stand was properly admitted for purposes of impeachment.

[Ed. Note.—For other cases, see Witnesses, Cent. Dig. §§ 1249–1251, 1257; Dec. Dig. § 392.*]

4. APPEAL AND ERROR (§ 216*)—PRESENTATION BELOW—LIMITATION OF EVIDENCE.

In the absence of a requested instruction limiting the effect of an affidavit by a witness containing statements conflicting with facts testified to by her on the stand, offered for the purposes of impeachment, appellant cannot complain that such affidavit might have been considered by the jury for other purposes.

[Ed. Note.—For other cases, see Appeal and Error, Dec. Dig. § 216.*]

5. MARRIAGE (§ 48*)—MARRIAGE BY REPUTE.

Proof of marriage may be made by evidence of common repute and public recognition by the parties thereto, including their declarations.

[Ed. Note.—For other cases, see Marriage, Cent. Dig. § 76; Dec. Dig. § 48.*]

6. TRIAL (§ 240*)—INSTRUCTIONS — ARGUMENTATIVE INSTRUCTIONS.

A requested instruction which was argumentative was properly refused.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 561; Dec. Dig. § 240.*]

7. TRIAL (§ 194*)—INSTRUCTIONS—WEIGHT OF EVIDENCE.

A requested instruction which was on the weight of the evidence was properly refused.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 413, 436, 439–441, 446–454, 456–466; Dec. Dig. § 194.*]

8. APPEAL AND ERROR (§ 663*)—STATEMENT OF FACTS—EFFECT OF CERTIFICATE.

Where the statement of facts is certified to as containing a full and correct statement of all of the evidence, the appellate court must accept it as such, though appellant's brief asserts the contrary.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2853–2855; Dec. Dig. § 663.*]

9. MARRIAGE (§ 42*) — COMMON-LAW MARRIAGE.

The alleged wife's testimony on the question of a common-law marriage would not be exclusive thereon; other competent evidence being admissible to establish it.

[Ed. Note.—For other cases, see Marriage, Cent. Dig. §§ 70, 78; Dec. Dig. § 42.*]

Appeal from District Court, Parker County; D. M. Alexander, Special Judge.

Action by Mary Jordan and others against Ed Johnson and another, in which Jane Britt and others intervened. From a judgment for defendants and interveners, plaintiffs appeal. Affirmed.

J. M. Richards and Sam Shadle, both of Weatherford, and Stephens & Miller, of Ft. Worth, for appellants. Stennis & Wilson, Jim L. McCall, and E. A. Swofford, all of Weatherford, for appellees.

DUNKLIN, J. This suit was in trespass to try title to recover 160 acres of land in Parker county.

Plaintiffs and defendants all claim title as heirs of Henry Owens, deceased, who owned the land at the date of his death. Mary Jordan, one of the plaintiffs, was a sister of Henry Owens, and the other plaintiffs are descendants of Aaron Walker, deceased, who was a brother of Henry Owens, and the remaining plaintiffs are descendants of Lizzie Fullirlove, deceased, who was a sister to Henry Owens. Henry Owens was formerly a slave; his master living in Louisiana, where plaintiffs all reside at the present time. After emancipation he took the name of Fullirlove for a while, that being the name of his former master, but later adopted the name of Henry Owens, while his brother seems to have adopted the surname of Walker, and his sister the name of Fullirlove. Shortly after the close of the Civil War Henry Owens moved to Texas, and settled near the town of Acton, in Hood county, where he resided for some three or four years, and then moved to Parker county, where he resided until his death. Jane Riley, now Jane Britt, formerly a slave and owned by J. Riley, also resided near the town of Acton, in Hood county, and while Henry Owens resided in that vicinity she gave birth to two daughters, Ola and Lizzie, whose father was Henry Owens. Ola, one of these daughters, married Ed Johnson, and this suit was instituted by plaintiffs against her and her husband as defendants. The other daughter, Lizzie now deceased, married ——— Humphries. Her children joined by her mother, Jane Britt, formerly Jane Riley, intervened in the suit, claiming that Jane Britt was the common-law wife of Henry Owens at the date of his death, and that the property in controversy was the community property of Henry Owens and his wife, Jane Britt, intervener, and that interveners together with defendant Ola Johnson, daughter of intervener, Jane Britt, are the sole heirs of Henry Owens, and entitled to undivided interests therein as follows: Jane Britt, one-half; the children of Lizzie Humphries, one-fourth; and Ola Johnson, one-fourth. Interveners prayed for judgment for the interests

so claimed by them, and intervener, Jane Britt, claimed a homestead interest in the land as the surviving wife of Henry Owens. Defendant Ola Johnson, who was older than her sister Lizzie Humphries, alleged that she, Ola Johnson, was born during the common-law marriage relationship of Henry Owens and Jane Riley; that that marriage was dissolved; that she was the only child born of that marriage; that Lizzie Humphries was born after that marriage was dissolved, and after Henry Owens was lawfully married to Kate Riley, sister of Jane Riley. By their verdict the jury found that there was a common-law marriage between Henry Owens and Jane Riley, and that Ola Johnson and Lizzie Humphries were both children of that marriage and heirs at law of Henry Owens; that the heirs of Lizzie Humphries were entitled to one-half the land in controversy and Ola Johnson entitled to the remaining one-half. Upon their verdict a judgment was rendered vesting in interveners, who were descendants of Lizzie Humphries, a one-half interest in the land and in defendant Ola Johnson the remaining one-half interest, and that intervener Jane Britt and plaintiffs take nothing. From that judgment plaintiffs alone have appealed.

The statement of facts appearing in the record is confined to testimony upon the issues of the alleged heirship of the various parties to Henry Owens, including the chiefly contested issue of the alleged common-law marriage between Henry Owens and Jane Riley. In addition to the facts stated above, the following facts were also established by uncontroverted proof: About the year 1871 Henry Owens married Kate Riley, sister of Jane Riley, under the sanction of a marriage license duly issued. One child who died in infancy was the only fruit of that marriage, and Kate, the wife, afterwards died. It does not appear that Henry Owens again married after the death of Kate. After Henry Owens married Kate, her sister Jane Riley married Ike Chisholm, from whom she separated after a short time, and later married Herbert Britt, who joined with her pro forma as an intervener in this suit. The proof further shows that no divorce was ever granted dissolving the alleged common-law marriage between Henry Owens and Jane Riley; that Jane Riley together with her mother, Grace Riley, and other members of her family, were present at the time of the marriage of Henry Owens to Kate Riley, which occurred in the home of Grace Riley; and that neither Jane nor her mother nor any one else questioned the lawful right of Henry Owens to marry Kate, in the absence of an annulment of the alleged common-law marriage of himself and Jane Riley through divorce proceedings in court.

[1] By their first and second assignments errors are assigned to the exclusion of certain answers of certain witnesses given in their depositions. These assignments are overruled because the testimony thus excluded was substantially embraced in answers by the respective witnesses to other interrogatories and introduced in evidence.

[2] Likewise the error, if any, in admitting the answers of several witnesses to certain interrogatories, the admission of which is complained of in the third, fourth, and fifth assignments of error, are overruled in view of the fact that the answers of the respective witnesses are substantially to the same effect as others admitted in evidence without objection.

[3, 4] The affidavit of Jane Britt, the admission of which is assigned as error in the sixth specification of error, contains statements which were in conflict with the material facts testified to by her on the witness stand, and was properly admitted because it was competent for the purpose of impeachment; and in the absence of an instruction limiting the affidavit to that purpose appellants cannot complain that the same might have been considered by the jury for another purpose.

By the seventh assignment of error appellants insist that the court erred in admitting the testimony of several witnesses, some of whom testified that Henry Owens recognized Ola Johnson as his child, and claimed that he and Jane Riley were husband and wife, and that Henry Owens and Jane Riley claimed each other as husband and wife, and others testified that Jane Riley stated that she and Henry Owens were living together as husband and wife, all of which statements were alleged to have been made before Henry Owens married Kate Riley. One of the grounds of objection was that it did not appear that such recognition and claim of the marriage relations were open and public. We think the testimony tends to show the contrary of this contention. S. T. Edwards, one of the witnesses, testified: "It was my understanding that she and Henry Owens claimed to be husband and wife." An additional ground of objection to that statement was that it was hearsay and inadmissible. In the light of other testimony of last-named witness, we think the statement quoted amounts to no more than a statement of the general reputation of the marriage relation between Henry Owens and Jane Riley. The further grounds of objection, that Jane Riley was present in court and testified as a witness, and that her alleged former declarations were therefore not admissible, we think untenable.

[5] It is well settled that proof of marriage may be made by evidence of common repute and by public recognition by the parties thereto, including their declarations. Wigmore on Evidence, §§ 1770–2083.

The court charged the jury on the statute of descent and distribution preliminary to the charge submitting the contested issues between the parties.

By the eighth and ninth assignments appellants insist that there was error in the court's failure in that connection to explain to the jury that the heirship provided by the statute in favor of a man's child was limited to his legitimate children. These assignments are overruled because in a subsequent paragraph of the charge the right of Lizzie Humphries' children and grandchildren and of defendant Ola Johnson to recover was made to depend upon proof of a common-law marriage between Jane Riley and Henry Owens.

[6] It is insisted that there was error in the court's refusal to give appellants' requested instruction No. 1. That instruction contains a rehearsal of the facts and circumstances upon which appellants rely to refute the claim of the alleged common-law marriage between Henry Owens and Jane Britt, together with an instruction from the court to the jury to consider all these facts and circumstances in determining whether there was such a common-law marriage, and, furthermore, the requested instruction is highly argumentative; therefore it was properly refused, besides we think the instruction given by the court upon the necessary essentials to constitute a common-law marriage was sufficient.

[7] Appellants' requested instruction No. 4 was upon the issue of common-law marriage, and like instruction No. 1 was erroneous, in that it was upon the weight of the testimony.

By the thirteenth and last assignment appellants insist that the court erred in refusing to set aside the verdict and judgment because the evidence was insufficient to establish a common-law marriage between Henry Owens and Jane Riley. There is no proof in the record that the mother and father of Henry Owens were dead at the date of his death. In the absence of such proof, appellees insist that plaintiff is not entitled to recover, even though no title be shown in appellees.

[8] Appellants' brief contains a statement substantially that evidence upon some of the issues was omitted from the statement of facts for convenience, and by direction of counsel, but to this statement counsel for appellees do not agree. At all events, the statement of facts is certified to as containing a full and correct statement of all the evidence adduced upon the trial, and we will be compelled to give that certificate full force and effect. Appellants insist, however, that as between them and interveners they, the appellants, are substantially in the same position as defendants, and interveners in the position of plaintiffs, and that, if the rule is invoked that plaintiffs must recover upon the strength of the title proven by them and not upon the weakness of defendant's title, then they are in position to urge the insufficiency of the evidence to establish title recovered by the interveners. If there was a common-law marriage between Henry Owens and Jane Riley, who is now living, and from whom he was never divorced, then, even though the parents of Henry Owens survive him, they inherit no interest in the property.

The evidence presents a "Comedy of Errors," but we think it sufficient to support the verdict, especially in view of the manifest benighted moral and social conceptions of the principal actors; and as the jury, who had the witnesses before them with a better opportunity to determine their credibility than is presented to us, and as the trial judge has approved their findings, we do not feel warranted in setting aside the verdict, notwithstanding Jane Britt testified that she and Henry Owens were never married, "but just took up together" with the understanding that, "when he saw anybody he liked better, he would take her, and if I saw anybody I liked better I would take him."

[9] If as a matter of fact the common-law relationship did exist between herself and Henry Owens at the dates of the births of her daughters Lizzie and Ola, this fact could be established by competent evidence, and her testimony on the witness stand would not be exclusive of other competent testimony to establish that relationship. Chapman v. Chapman, 16 Tex. Civ. App. 382, 41 S. W. 533; Id., 88 Tex. 641, 32 S. W. 871. As noted already, the proof shows that no divorce was ever granted by any court dissolving the alleged common-law marriage between Henry Owens and Jane Riley. It follows from this that, if the marriage relation ever existed, it continued up to the date of the death of Henry Owens and as his alleged wife, Kate, and his only child by her, both died before the death of Henry Owens, this removing any possible claim of title to the property by Kate or her child by reason of the marriage of Henry and Kate, it would seem to follow conclusively that, if Ola Johnson and the descendants of Lizzie Humphries were entitled to recover any portion of the land, their mother, Jane Britt, was also entitled to recover an interest therein. But intervener Jane Britt has not appealed from the judgment denying her claim of title; and, even though the interveners who did recover a one-half interest in the property be considered as plaintiffs against the appellants, they would still be entitled to recover the interest of their mother as well as the interest shown to be in them, they being tenants in common with their mother.

The judgment is affirmed.