COLLIN COUNTY NAT. BANK v. HUGHES.

(Court of Civil Appeals of Texas. Dallas. March 1, 1913. Additional Findings of Fact, March 22, 1913.)

1. JUDGMENT (§ 870*)—REVIVAL—SCIRE FACIAS—RELIEF.

Under the statute providing that a dormant judgment may be revived by scire facias or an action of debt thereon, a new judgment may be rendered in a proceeding by scire facias to revive a judgment.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 1609, 1613–1640; Dec. Dig. § 870.*]

2. JUDGMENT (§ 870*) — REVIVAL — SCIRE FACIAS—PROCESS—SERVICE.

As a proceeding by scire facias in the federal courts for Colorado is a mere continuation of the original suit, the only judgment being that execution issue, service by publication in scire facias to revive a judgment is good against a defendant who was personally served in the original action, notwithstanding that he had during the interim removed from the jurisdiction.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 1609, 1613–1640; Dec. Dig. § 870.*]

3. JUDGMENT (§ 934*)—FOREIGN JUDGMENT—LIMITATIONS.

Under the ten-year limitation of Rev. Civ. St. 1911, art. 5696, providing that a judgment in any court of record within the state may be revived within ten years and not after, a foreign judgment, though revived by scire facias in the foreign jurisdiction, is barred in Texas by a lapse of more than ten years; it appearing that the defendant was a citizen of Texas during the running of the statute.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 1764–1768; Dec. Dig. § 934.*]

Appeal from District Court, Collin County; Kenneth Foree, Judge.

Action by the Collin County National Bank against J. A. Hughes. From a judgment for defendant, plaintiff appeals. Affirmed.

John Church and Abernathy & Abernathy, all of McKinney, and D. H. Morrow and Morris, Pope & Puckitt, all of Dallas, for appellant. Henry C. Coke, of Dallas, for appellee.

RAINEY, C. J. On July 28, 1891, the appellant recovered against appellee a judgment in the United States Circuit Court of the Eighth Judicial District, sitting in and for the district of Colorado at Denver. On December 16, 1907, said judgment was revived by said Circuit Court on scire facias, and on April 14, 1908, this suit was brought in the district court of Collin county by appellant against appellee to recover on said revived judgment. Amended petitions were filed, and defendant answered by second amended answer filed May 4, 1912, setting up general demurrer, general denial, want of jurisdiction in the revival of said judgment, and the statute of limitation of ten years as a defense to appellant's cause of action. A trial resulted in favor of defendant, and plaintiff appeals.

The case was tried without a jury, and the trial court filed conclusions of fact about which there seems to be no controversy, and which are adopted by this court as follows:

"(1) On the 21st day of February, 1891, the Collin County National Bank recovered a judgment in the district court of Collin county, Tex., against the North Texas Mill & Elevator Company and its receiver, as principal, and J. A. Hughes, as surety, for the sum of $8,012.90, with interest at the rate of 12 per cent. per annum from the date of judgment. On this judgment execution was issued on the 9th day of March, 1891, and returned not executed March 16, 1891; the return of the sheriff being that no property was found in Collin county belonging to defendant, J. A. Hughes, subject to execution. This was the only execution issued on the Collin county judgment.

"(2) On the 19th day of May, 1891, the Collin County National Bank filed suit against J. A. Hughes in the Circuit Court of the United States for the state of Colorado, in which it sued for a recovery against J. A. Hughes upon the judgment of the district court of Collin county, Tex. In this suit J. A. Hughes was personally served with citation in the state of Colorado, and judgment by default rendered against him by the said Circuit Court of the United States in the principal amount of $6,050.94; but the judgment did not expressly award any execution.

---

This judgment was of date June 26, 1891. Execution issued on this judgment of date December 14, 1891, and was returned of date April 20, 1892; the return of the marshal on said execution stating that the same had not been executed on account of not having been furnished instructions by plaintiff's attorneys. This was the only execution issued on this judgment.

"(3) On December 16, 1905, suit was filed in the Circuit Court of the United States in the state of Colorado to revive the said judgment obtained in the Colorado court of date June 26, 1891; prayer of plaintiff's petition being that the said judgment should be revived, and that plaintiff should have execution on said judgment when so revived. On this petition a writ of scire facias issued of date December 19, 1905, on which writ return was made by the United States marshal of date December 30, 1905, that J. A. Hughes could not be found in the said district, and that the writ was therefore returned unserved. Upon showing made that J. A. Hughes was without the jurisdiction of the state of Colorado, and personal service could not be made on him, service of the said writ was ordered to be made by publication of the same once a week for four successive weeks in the Denver Examiner, a public newspaper published in the city of Denver, county of Denver, and state of Colorado, which publication was accordingly made. After this publication, attorneys for J. A. Hughes entered a special appearance for the purpose of moving to quash the attempted service of scire facias by publication, and for no other purpose, the said appearance being specially restricted to the purpose of questioning the validity of the service solely, and no other appearance was made in the said cause by said J. A. Hughes.

"(4) Upon hearing the motion to quash the service of the writ, the same was sustained by the court. From this judgment holding the service by publication void, the Collin County National Bank sued out a writ of error to the Circuit Court of Appeals; the petition for writ of error reciting that it was sued out for the correction of errors in a judgment rendered upon a motion of defendant to quash the service of scire facias theretofore in said cause issued; 'the said defendant appearing specially for the purposes of said motion and no other.' In the Circuit Court of Appeals a motion was made on behalf of defendant in error to dismiss the writ of error, which motion was sustained by the court, and the writ of error dismissed for want of jurisdiction; this judgment being of date March 26, 1907.

"(5) On the 12th day of October, 1907, plaintiff filed in the Circuit Court of the United States for the state of Colorado, in the same cause, its 'petition for an order for service of scire facias and order to show cause,' in which petition the plaintiff set up

the facts in regard to its original judgment of date June 26, 1891, which was sought to be revived together with its former unsuccessful efforts to secure service on the defendant, alleged that the defendant, J. A. Hughes, was then, and for a long time past had been, a resident of the state of Texas, that his post office address was Dallas, Tex., and prayed for an order of the court directing that a writ of scire facias or order to show cause be issued in the cause, and that the same be served upon the defendant according to the course of common law, and that service thereof should also be made upon the defendant by delivering to him personally, at his place of residence, a copy of said writ of scire facias. On this petition a writ of scire facias to revive judgment was under order of the court issued of date October 14, 1907. This writ was addressed to the marshal of the district of Colorado. The marshal of the district of Colorado made a return thereon of date October 16, 1907, that he had made diligent search for the defendant, J. A. Hughes, and had been unable to locate him in this district, and therefore made return of said writ of scire facias unserved. Return on the same writ was made by George H. Green, United States marshal for the Northern district of Texas, of date November 13, 1907, to the effect that the same had been executed on that day by delivering to J. A. Hughes at Dallas, Tex., in person, a true copy of said writ. On this service, without appearance by J. A. Hughes, the Circuit Court of the United States for the state of Colorado, of date December 16, 1907, entered a judgment reviving the former judgment of date June 26, 1891; the decree of the court being as follows: 'It is thereupon considered, ordered, and adjudged that the said judgment in favor of said Collin County National Bank of McKinney, Tex., be revived, and that said plaintiff do have its execution thereon against the said J. A. Hughes for its debt, damages, and interest according to the form, force, and effect of said judgment, and for its costs in this behalf expended.'

"(6) On the 14th day of April, 1908, the plaintiff, Collin County National Bank of McKinney, filed the present suit against the defendant, J. A. Hughes. J. A. Hughes moved from Colorado to Texas in September, 1896, and then took up his residence at Dallas, in said state, and has resided in Dallas, as a citizen of Texas, continuously ever since said date of September, 1896. The law of the state of Colorado is by statute: 'Execution may issue on such judgment to enforce same at any time within twenty years from the entry thereof but not afterwards unless revived as provided by law and from and after twenty years from entry of final judgment in any court of Colorado the same shall be considered as satisfied in full unless revived by law.'"

The controlling question is, What was the status given to the judgment of the United States Circuit Court of Colorado by the revival proceedings on scire facias, whether said judgment of revivor is one on which a suit for debt can be predicated in this state, and did said revivor prevent the bar of limitation?

[1] In a majority of states, the revival of a judgment on a writ of scire facias is not a new suit, but a continuation of the original action; and the court cannot enter a new judgment thereon. Black on Judgms. vol. 1 (2d. Ed.) § 498. Its purpose is simply to have execution issue on the original judgment and costs. However, in our state and some others, in a proceeding on a scire facias to revive a judgment, it is permissible to render a new judgment. Our statute provides that a dormant judgment "may be revived by scire facias or on an action of debt brought thereon within ten years after the date of the judgment." The latest expression of our Supreme Court, where treating of this subject, is in Coleman v. Zapp, 151 S. W. 1040 (Sup.) viz.: "While the technical judgment upon a scire facias to revive a judgment is ordinarily only that execution issue, effect should be given to the substance of the proceeding rather than its form. As the judgment was a debt, the proceeding to revive it was nothing more nor less than a suit for debt." So we conclude that in this state, whether by scire facias or by action for debt, a judgment may be revived; and in either case a new judgment may be rendered. Bullock v. Ballew, 9 Tex. 498.

[2] Notwithstanding this view of the law in our own states, should it control in the decision of this case, when it is apparent from the judgment of the United States Circuit Court, Eighth District, Colorado, which is in accord with the technical rule that on a scire facias to revive a judgment, a new judgment should not be rendered, but that a decree for execution be entered? The judgment of revivor is: "It is thereupon considered, ordered, and adjudged that the said judgment in favor of the said Collin County National Bank of McKinney, Tex., be revived, and that said plaintiff do have its execution thereon against the said J. A. Hughes for its debt, damages, and interest according to the form, force, and effect of said judgment, and for its costs in this behalf expended." It makes other recitals as to what the scire facias shows as to the orders of the court in relation to the judgment; but it nowhere gives the amount of the principal and accrued interest, nor costs due on the original judgment and for execution thereon. Owens v. McCloskey, 161 U. S. 646, 16 Sup. Ct. 693, 40 L. Ed. 837. In the case of Owens v. McCloskey, supra, it is said: "Ordinarily the writ of scire facias to revive a judgment is a judicial writ, to continue the effect of, and have execution of, the former judgment, although in all cases it is in the nature of an action, as defendant may plead any matter in bar of execution, as, for instance, a denial of the existence of the record or a subsequent satisfaction or discharge"—citing Gost. Scire Facias, 13, and cases cited; Tidd, Prac. 1090; 2 Sell. Prac. 275.

Appellee being served with the writ of scire facias in Texas, it is urged that such service was of no effect, and rendered the proceeding of no force as against appellee outside of the jurisdiction of the United States Circuit Court, Eighth District, Colorado. We are inclined to think that said service was binding upon appellee; the Circuit Court having jurisdiction of the matter for the purpose of continuing the action that plaintiff have execution, which was the purpose of the scire facias. Crawford v. Foster, 84 Fed. 939, 28 C. C. A. 576; Comstock v. Holbrook, 82 Mass. (16 Gray) 111. But we think this question of service is immaterial, because, had appellee appeared, he could only have pleaded matter in bar of execution, and the judgment rendered would have no greater force than it now has, as no new judgment was rendered.

[3] The effect of the judgment was simply to continue in force the original judgment and keep in force such lien as may have existed; and, whatever force it may have in Colorado to interrupt the statute of limitation, it has no force in Texas to interrupt the statute in Texas.

A foreign judgment is barred by limitation in Texas by the lapse of ten years. As the original judgment was rendered in Colorado in 1891, and suit was brought on said judgment in 1908, appellee having left Colorado in 1896, and having resided in Texas ever since, and having been a citizen of Texas more than ten years, the action on said judgment is barred. R. S. 1911, art. 5696.

The judgment is affirmed.

### Additional Findings of Fact.

At the request of appellant, we make the following additional findings of fact, viz.:

(1) That the Collin County National Bank of McKinney, Tex., in suit No. 2,661, recovered of J. A. Hughes, defendant, June 26, 1891, judgment for $6,050.94 and costs in the Circuit Court of the United States of the Eighth Judicial Circuit for the state of Colorado, based upon personal service in Colorado on said J. A. Hughes.

(2) "Petition to revive judgment," filed December 16, 1905, in the Circuit Court of the United States of the Eighth Judicial Circuit for the state of Colorado, in suit No. 2,661, Collin County National Bank of McKinney, Tex., v. J. A. Hughes, defendant, which alleged, among other things, that the said original suit was filed in said Colorado court May 19, 1891, and summons issued the same day, which was on May 21, 1891, by the United States marshal of that district, duly and

personally served upon said J. A. Hughes in the city of Denver, Arapahoe county, Colo., and on June 26, 1891, judgment was duly rendered and entered in said cause in favor of the plaintiff and against said J. A. Hughes for $6,050 and costs taxed at $23.40, and that on December 14, 1891, an execution was duly issued on said judgment and returned April 20, 1892, not served. That said judgment is unpaid and unsatisfied and the property of plaintiff, and there is due thereon $6,050 and interest at 8 per cent., which is the legal rate in Colorado, amounting to $6,802.60 and costs; the total $12,876 to December 15, 1905. Wherefore the plaintiff prays for an order of court against the defendant to show cause, if any there be, why such judgment should not be revived, and that execution might issue thereon, and that such order to show cause shall require the defendant to appear and show cause within ten days after the service thereof on him. And the plaintiff further prays that the said judgment may be revived for the sum of said judgment, to wit, $6,050, and interest thereon at 8 per cent. per annum, the legal rate as provided by the laws of Colorado, in the total sum of $6,802.60, and for costs of this proceeding $23.40, total $12,876, and the further cost of this proceeding to revive to be taxed, and that plaintiff have execution accordingly on said judgment when so revived.

(3) The scire facias to revive said judgment as served on defendant, J. A. Hughes, dated and tested October 14, 1907, and served at Dallas, Tex., November 13, 1907, by the deputy United States marshal for that district, recited, among other things, the facts showing the recovery of said judgment, dated June 26, 1891, for $6,050 and costs $22.30, and that there was then due thereon the said judgment and interest at 8 per cent. per annum, which to October 10, 1907, amounted to $7,885.05, making a total of $13,958.29 wholly unpaid and unsatisfied.

(4) The judgment of revival in said cause, dated December 16, 1907, as follows: "Now on this day, this cause coming on to be heard upon the petition of the plaintiff for a revival of the judgment entered in said cause on, to wit, June 26, A. D. 1891, and it appearing that an order was made and entered in said cause by this court on the 12th day of October, 1907, that a scire facias be issued in said cause, which is in words and figures as follows, to wit: Now on this day the petition of the plaintiff filed herein for an order directing the issuance of a scire facias in the above-entitled cause coming on to be heard on the 12th day of October, 1907, before the Hon. Robert E. Lewis, judge of the said United States Circuit Court: It is ordered that a scire facias issue in said cause directed to the marshal of the said district of Colorado, requiring the defendant J. A. Hughes to appear in said Circuit Court within ten days after service thereof, and to show cause, if any he has, why said judgment should not be revived. And it is further ordered that a copy of said writ of scire facias, certified by the clerk of this court, be served upon the said J. A. Hughes, defendant, by delivering a copy thereof to him at his place of residence, or wherever he may be found. And it further appearing that, pursuant to said order, a writ of scire facias was issued by the clerk of said court and placed in the hands of the United States marshal for the said district of Colorado on the 14th day of October, 1907, which said writ was on the 27th day of October, 1907, returned "not found"; and thereafter on the 5th day of November, A. D. 1907, an alias writ of scire facias was issued by said clerk and placed in the hands of the said marshal, which said writ was thereafter and on the 16th day of November, A. D. 1907, by said marshal returned "not found," and that a copy of said writ was served on the said J. A. Hughes by delivering to him a true copy thereof at his place of residence in Dallas, in the state of Texas, on the 13th day of November, A. D. 1907; and the said J. A. Hughes having failed to show cause within ten days after such service why said judgment should not be revived, and the said plaintiff should not have execution thereon as prayed for in said petition. It is therefore considered, ordered, and adjudged that the said judgment in favor of the said Collin County National Bank of McKinney, Tex., be revived, and that said plaintiff do have its execution thereon against the said J. A. Hughes, for its debt, damages and interest, according to the form, force, and effect of said judgment, and for its costs in this behalf expended."