TEEL et al. v. BROWN et al. (No. 8314.)

(Court of Civil Appeals of Texas. Ft. Worth. Feb. 5, 1916. On Motion for Rehearing, March 4, 1916.)

1. APPEAL AND ERROR ☞664(4)—STATEMENT OF FACTS—CONCLUSIVENESS.

A statement of facts properly certified is conclusive as to what evidence was introduced upon trial, and cannot be modified by any bill of exceptions.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 2859; Dec. Dig. ☞664(4).]

2. STIPULATIONS ☞14(12)—EFFECT—CONSENT DECREE.

Where defendants' counsel admitted that after plaintiffs dismissed that portion of their action seeking to quiet title he stated that he could urge no objection to the entering of a judgment reviving a prior judgment of partition between plaintiffs and defendants, such statement was equivalent to an agreement that the original judgment should be revived.

[Ed. Note.—For other cases, see Stipulations, Cent. Dig. §§ 36, 37; Dec. Dig. ☞14(12).]

3. STIPULATIONS ☞14(12)—EFFECT.

Where plaintiffs sought not only to quiet their title to land, but to revive a prior judgment of partition, an agreement by defendants' counsel that such judgment should be revived was a confession of all the facts alleged with respect to such judgment and relieved plaintiffs;

no question of jurisdiction being raised from making any proof.

[Ed. Note.—For other cases, see Stipulations, Cent. Dig. §§ 36, 37; Dec. Dig. ⊂═▪14(12).]

4. APPEAL AND ERROR ⊂═▪235 — WAIVER OF ERRORS—NECESSARY PARTIES.

In an action to revive a judgment of partition, where one of the parties had transferred her interest and she was not made a defendant, and the others consented to the revival, defendants cannot on appeal object that the omitted party was necessary; Vernon's Sayles' Ann. Civ. St. 1914, art. 1906, requiring a verified plea setting up the omission of parties.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1382, 1383; Dec. Dig. ⊂═▪ 235.]

5. JUDGMENT ⊂═▪870(8)—REVIVAL—CONSTRUCTION OF JUDGMENT.

Where plaintiffs sued in trespass to try title and to revive a judgment of partition, plaintiffs cannot, having dismissed that portion of their count in trespass to try title, contend that the revival of the judgment of partition under which they were awarded a writ of possession operated as an adjudication of their title; the dismissal of such count being a dismissal of the entire action in trespass to try title.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 1630–1634; Dec. Dig. ⊂═▪870(8).]

On Motion for Rehearing.

6. APPEAL AND ERROR ⊂═▪882(3) — REVIEW — ADMISSIONS.

Where, in a suit to revive a judgment in partition, the jurisdiction in the original action was undisputed, and a defendant in suit to revive, who purchased pending partition, admitted that he had notice thereof when he purchased, said admission is binding on appeal.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3593, 3594; Dec. Dig. ⊂═▪ 882(3).]

7. JUDGMENT ⊂═▪870(8)—EFFECT OF REVIVAL —NEW JUDGMENT.

While Vernon's Sayles' Ann. Civ. St. 1914, art. 5696, provides that a judgment in any court of record within the state where execution has not been issued within 12 months may be revived by scire facias or an action of debt brought with 10 years after date of judgment, and not thereafter, the revival of a judgment of partition is not an adjudication of the title of those to whom the land was partitioned, for save in an action of debt no new judgment can be granted, this being particularly where the parties in whose favor judgment was revived had dismissed that portion of their action in trespass to try title.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 1630–1634; Dec. Dig. ⊂═▪870(8).]

Appeal from District Court, Taylor County; Thomas L. Blanton, Judge.

Action by F. N. Brown and others against Henry Teel and others. From a judgment for plaintiffs, defendants appeal. Reformed and affirmed.

White, Cartlege & Graves, of Austin, for appellants. Louis S. Wise, of Abilene, for appellees.

DUNKLIN, J. F. N. Brown, John Bowyer, John Wise, and H. A. Tillett instituted this suit in Taylor county against Henry Teel, a resident citizen of Hardin county, and R. S. Stephens, a resident citizen of Har-

ris county, by a petition in which two causes of action were alleged in different counts. The first count was a suit in trespass to try title to recover 192 acres of land situated in Hardin county. In the second count plaintiffs prayed for the revival of a certain judgment rendered by the district court of Taylor county on March 8, 1905, the docket number of which was 1701, vesting title to said land in said parties to said suit and partitioning the same among them, and which said judgment was alleged to have become dormant.

The cause of action set out in the first count of the petition was dismissed by the plaintiffs, but a judgment was rendered in their favor against the defendants upon the second count, from which judgment the defendants have appealed.

The defendants filed a plea of privilege to be sued in the county of their residence upon the first count in the petition. That plea was sustained and the dismissal of the cause of action set up in that count was upon motion of the plaintiffs after the plea of privilege was sustained.

By the judgment so revived, title to the property in controversy was decreed to be vested in F. N. Brown, John Bowyer, H. A. Tillett, plaintiffs in the present suit, and Miss Lou Scott, another party to the former suit, and the property was partitioned between those parties. In the present suit it was alleged that the plaintiffs Brown, Bowyer, and Tillett now own all the interest in the property decreed to them by that judgment, and that plaintiff John Wise now owns by purchase the interest so decreed to Miss Lou Scott. The judgment further decreed that F. M. Yost, John E. Maguire, Henry Teel, and his wife, Susan Teel, owned no interest in said land. In the present suit plaintiffs alleged that said Yost and Maguire have acquiesced in said decree, and since its rendition have asserted no right, title, or interest in the premises and now own none. It was further alleged that if Henry Teel and his wife, Susan Teel, ever asserted any interest or claim in the property, they transferred the same to the defendant R. S. Stephens pending that suit, and therefore defendant Stephens, as well as Teel, was bound by the judgment rendered against Teel, and that said Teel and Stephens are now in possession of the land, and that the judgment has become dormant.

A statement of facts is contained in the record. After reciting the action of the court in sustaining the plea of privilege to the first count and the dismissal of the same by the plaintiffs, it proceeds as follows:

"Thereupon, counsel for the defendants Teel and Stephens, said defendants Teel and Stephens being present in court, stated that plaintiffs could have their judgment under their second count in that petition for a revival of the judgment in said cause No. 1701, whereupon the

plaintiffs offered no testimony, but asked for judgment on such statement of counsel and the pleadings in the case, and upon such statement of the counsel and the pleadings in the case the court rendered judgment as now appears in the minutes of this court."

A purported draft of the judgment rendered by the court was prepared by the counsel for the plaintiffs, who delivered the same to the clerk and had it entered on the minutes. Upon the hearing of defendants' motion to set aside that judgment the court ordered the entry so made expunged from the minutes because the same did not correctly show the judgment which was in fact rendered, and proceeded then to enter the judgment in the form intended.

Upon the hearing of that motion, as appears in a bill of exceptions, defendants introduced the testimony of one of their attorneys, who represented them in court at the time their plea of privilege was sustained, and at the time the court announced the rendition of judgment upon the second count in plaintiffs' petition. The testimony so introduced appears in a bill of exceptions, and was, in effect, as follows:

"After they had announced that they would dismiss the trespass to try title feature of the suit, without making any agreement whatever, sir. * * * I said I could urge no objection to entering a judgment reviving the original judgment entered in cause No. 1701, as prayed for in their second count. I said, if the court pleased, that I understood, as a matter of law, that they would have a perfect right, and that I could urge no objection to that kind of a judgment, and that all the rights they would have under it would be the issuance of a writ of execution, because the original judgment had become dormant. Now, then, that is what happened as I remember it."

[1, 2] But the same bill of exception also contains the statement made by the trial judge in substantially the same language as was embodied in the statement of facts, which was prepared and signed by the trial judge who certified that the parties had failed to agree upon the statement of facts. The situation presented is somewhat peculiar in that it appears that the statement of facts, does not contain verbatim the testimony of defendants' counsel shown in the bill of exception to have been heard when the controversy arose with respect to what counsel for the defendants had said in open court at the time the judgment was rendered. Appellants have presented no motion to strike out the statement of facts, but they insist on treating counsel's testimony contained in the bill of exception and quoted above, and which differs in verbiage, at least, from the recollection of the court stated at the same time, as the only evidence of what was said by said counsel at the time the judgment was rendered. It is well settled that the statement of facts properly certified is conclusive with respect to what evidence was introduced upon the trial, and cannot be supplemented or modified by any bill of exceptions. Missouri, K. & T. Ry. v. Word, 51 Tex. Civ. App. 206, 185 S.W.—21

111 S. W. 753; Jordan v. Johnson, 155 S. W. 1194. Furthermore, while there is a difference in verbiage of the recollection of such counsel and the court, there is no substantial difference in the purport and meaning. In other words, we are of the opinion that what counsel admits that he said at that time was equivalent to an agreement in open court that plaintiffs might have judgment upon the second count in their petition. Hence all assignments complaining of lack of proof to sustain the judgment are overruled. Lessing v. Cunningham, 55 Tex. 234.

[3] We are of the opinion, further, that such agreement of counsel was a confession of all the facts alleged by the plaintiffs in the second count of their petition necessary to the relief therein sought, and that under such agreement no proof of such facts was required; no question of jurisdiction of the court to render the judgment being involved. Lanier v. Blount, 45 S. W. 202; Parks v. Knox, 130 S. W. 208, and authorities there cited. Hence all assignments of error predicated upon a failure of the plaintiffs to prove the different facts alleged in their petition are overruled. One of those assignments especially stressed is addressed to the failure of proof to sustain the allegation of purchase by Stephens from Henry Teel pending the former suit and the binding effect of that judgment upon Stephens. We are unable to perceive why the agreement of counsel was not a waiver of proof to sustain that allegation the same as any other allegation contained in the petition.

[4] While, as a general rule, all parties to a judgment are necessary parties to a suit to revive the judgment, yet if, as alleged in plaintiffs' petition and as admitted by the defendants, by reason of the facts related above, those parties to the judgment sought to be revived which are not parties to the present suit have either transferred their interest or claim to the parties to the present suit, or else have elected to abide by said judgment and are no longer asserting any claim to or interest in the land, no reason is perceived why appellants, who consented to the judgment, can now complain on appeal of a lack of necessary parties. It is a well-settled rule that in the absence of any plea or demurrer presenting the question of a lack of necessary parties plaintiff, the right of a defendant to raise such question upon appeal is waived, and especially is that true where the judgment is by consent. 2 Vernon's Sayles' Tex. Civ. Statutes, art. 1906; C., R. I. & G. Ry. v. Seale, 89 S. W. 997; De Perez v. Everett, 73 Tex. 431, 11 S. W. 388. In addition to a revival of the former judgment the court also rendered a judgment in plaintiffs' favor against the defendants for title to the land.

[5] We are of the opinion that the extent of the relief which could properly be awarded to the plaintiffs would be a revival of the

former judgment and the award of a writ of possession in plaintiffs' favor, as insisted by appellants in one of their assignments of error. While there are some general allegations in the second count of the petition, to the effect, that defendants own no title to the land, yet the only attempt by plaintiffs to show title was an effort to revive the former judgment, and we do not believe that the second count in the petition, considered as a whole, can be properly construed as a suit in trespass to try title. Furthermore, for the plaintiffs to say that their suit was in trespass to try title after they had dismissed that cause of action, following the decision of the court that the defendants could not be sued in that county for that relief, would be a contradiction. Hence a dismissal of the first count in the petition was a dismissal of the entire suit in trespass to try title. Camp v. Gainer, 8 Tex. 372; 23 Cyc. 1458, 1461, 1462.

Accordingly, the judgment of the trial court will be reformed so as to exclude therefrom any decree of title, leaving only a decree reviving the former judgment and awarding a writ of possession in plaintiffs' favor.

Reformed and affirmed, and cost of appeal taxed against appellees.

## On Motion for Rehearing.

[6] Appellants, with much earnestness, press the contention that as the judgment revived was rendered in a county other than that in which the land in controversy is situated, R. S. Stephens was not affected with notice of the pendency of the original suit, and for that reason we erred in affirming the judgment of revival as against him as well as against Henry Teel.

The authority relied on particularly is the decision in the case of Jones v. Robb, 35 Tex. Civ. App. 263, 80 S. W. 399, by the Court of Appeals of the First District, in which the following was said by Justice Gill:

"In Benton v. Shafer, 47 Ohio St. 117, 24 N. E. 197, 7 L. R. A. 812, the rule which unquestionably prevails in this state is announced, viz., that the suit, in order to affect lands purchased during its pendency, must be brought in the county where the land is situated."

Appellees reply, first, that the announcement quoted was dictum, since the suit in which the judgment was rendered was in fact instituted in the county where the land was situated; and, second, that the Ohio decision referred to was controlled by a statute of that state restricting jurisdiction to try title to land wholly situated in any county to the courts of that county; while by section 13, article 1830, of the statutes of this state, suits for partition of land may be instituted in the county in which any of the defendants resides, as well as in the county where the land is situated. And in support of their contention that the common-law rule of lis pendens notice, which prevailed prior to the enactment in 1905 (Acts 29th Leg. c. 128) of articles 6837 to 6840 (Vernon's Sayles') in-

clusive, is contrary to the announcement so made in Jones v. Robb, appellees cite Latta v. Wiley, 92 S. W. 436; Southern R. I. Plow Co. v. Pitluk, 26 Tex. Civ. App. 327, 63 S. W. 354.

It is unnecessary to determine that question in this case. No contention is made by appellants that the court rendering the former judgment was without jurisdiction of the controversy, which was one of partition and clearly within the jurisdiction of the court which rendered it. Article 1830, subd. 13, Vernon's Sayles' Texas Civil Statutes. If that court had such jurisdiction, then the confession by defendant Stephens in the present suit that he had notice of the pendency of the former suit at the time he purchased from parties thereto is binding upon him upon this appeal.

All other questions now presented by appellants in their motion have been sufficiently discussed in our original opinion, and we adhere to the conclusions there expressed.

[7] Appellees likewise have filed a motion for rehearing in which it is earnestly insisted that we were in error in so reforming the judgment of the trial court as to eliminate therefrom a recovery of title to the land, and cast appellees in the costs of the appeal by reason thereof. The contention is made that the revival of the former judgment and the award of a writ of possession has the legal effect of a new judgment in plaintiffs' favor for title and possession of the land.

Article 5696, Vernon's Sayles' Texas Civil Statutes, reads:

"A judgment in any court of record within this state, where execution has not issued within twelve months after the rendition of the judgment, may be revived by scire facias or an action of debt brought thereon within ten years after the date of such judgment, and not after."

The three cases which appellees cite in support of their contention are Bludworth v. Poole, 21 Tex. Civ. App. 551, 53 S. W. 717, Collin County Nat. Bank v. Hughes, 154 S. W. 1183, and Coleman v. Zapp (Sup.) 151 S. W. 1043.

The judgment revived in each of those cases was a judgment for debt, and the pleadings and proof which authorized a revival of the judgment also authorized a new judgment for the debt under the terms of the statute. But that statute does not authorize a new and independent judgment upon the same demand, except it be for debt, and hence the decisions do not apply in the present case.

After the plaintiffs dismissed their suit in trespass to try title, their only cause of action remaining was a suit to revive the former judgment. Defendants consented and agreed to the granting of that relief, and nothing more. Whether or not defendants have acquired title to the property subsequently to the rendition of the former judgment, could not be determined after the dismissal of the suit to try title, and whether

or not the revival of the judgment would preclude the defendants from hereafter asserting any such title, if they have acquired any, is an issue we are not called upon to decide, and hence decline to determine it. See Moore v. Snowball, 98 Tex. 16, 81 S. W. 5, 66 L. R. A. 745, 107 Am. St. Rep. 596.

Both motions for rehearing are overruled.