**GOLD et al. v. INSALL et ux.   (No. 9197.)**

Court of Civil Appeals of Texas.   Galveston.
June 8, 1928.

Rehearing Denied July 12, 1928.

1. **Abatement and revival** 🗝️84—**Plea of privilege after answer on the merits is too late, notwithstanding intervening amended petition, *not changing cause of action* (Rev. St. 1925, art. 2012).**

In view of Rev. St. 1925, art. 2012, requiring pleas to be filed in due order of pleading, plea of privilege, filed after answer on the mer-

its, is too late, notwithstanding an intervening amended petition, which does not change cause of action, but merely pleads in detail the facts on which plaintiffs claim ownership of the land which in both petitions they seek to recover.

**2. Venue ⬅5(3)—Action for recovery of land is properly maintained in county in which it lies (Rev. St. 1925, art. 1995, subd. 14).**

Action, being one for recovery of land, is, under Rev. St. 1925, art. 1995, subd. 14, properly maintained in the county in which the land lies.

**3. Pleading ⬅111—Pleading and proof under controverting affidavit to plea of privilege held sufficient.**

As regards sufficiency of pleading and proof under controverting affidavit to plea of privilege, the two facts relied on by plaintiffs to maintain the venue in the county where action was brought, that defendants had waived any right of removal by first answering to the merits, and that suit was recovery of land lying in such county, hence came within an exception to the right to be sued in the county of one's residence, being not only specifically set out under oath, but being undisputedly shown by the pleadings of the parties, this was enough.

Appeal from District Court, Colorado County; Lester Holt, Judge.

Action by R. M. Insall and wife against Adolph Gold and others. From an order overruling a plea of privilege, defendants appeal. Affirmed.

Walter Petsch and Alfred P. C. Petsch, both of Fredericksburg, for appellants.

Hull & Oliver, of San Antonio, for appellees.

GRAVES, J. This appeal is from an order of the trial court overruling the appellants' plea of privilege to be sued in the county of their residence, Gillespie.

The appellees filed the suit against them in the district court of Colorado county on April 24, 1925, in trespass to try title to 634 acres of land located in that county, and for damages in the sum of $7,000, as for the rental value and withholding possession thereof, praying for title and possession of the land, a writ of restitution, for rents and damages, court costs, general and special relief, etc. On September 14, 1925, appellants answered to the merits, by filing a general demurrer and general denial as their original answer.

On September 25, 1927, the appellees filed their first amended original petition, still asserting that they owned the same land, but specifically pleading in detail the facts upon which they claimed their ownership rested, as a part of which was an averment that appellants had fraudulently procured a quitclaim deed to the land from them in favor of

one of them, but had in fact acquired no title thereby, and then prayed as follows:

"Wherefore, premises considered, plaintiffs pray that upon a final hearing of this cause they have a judgment against the defendants, and of this court, placing the title, both legal and equitable, in these plaintiffs, and divesting defendants of said title, and canceling said quitclaim deed, and quieting their title to the above-described property, and for the rental value thereof, and for a writ of possession, and, in the alternative, that they have a judgment for the amount of their damages, above stated, both for the value of the above-described land and the rental thereof, and for costs of court, and for such other relief, general and special, in law and in equity, as they may show themselves entitled to."

In both suits the land was the same, and the parties upon both sides were identical. On the 26th day of September, 1927, appellants filed the plea of privilege herein involved, which, by controverting affidavit filed on September 29, 1927, the appellees declared insufficient, for the reason that the appellants had theretofore entered their appearance in the cause and answered upon the merits, wherefore they had waived the right to question the venue in Colorado county at that late date, and because the suit was to recover land lying in Colorado county.

On February 6, 1928, appellants filed an amended plea of privilege, and thereafter also filed answer to appellees' controverting affidavit. The order of the court overruling the plea of privilege was entered February 26, 1928, and from that order the appeal proceeds.

In this court appellants contend:

(1) That the controverting affidavit was insufficient, in that it failed to set out specifically the facts relied upon to confer venue of the cause upon the district court of Colorado county, and neither referred to nor made the appellants' petition a part thereof.

(2) There was no proof establishing the facts set out in the controverting affidavit by a preponderance of the evidence.

(3) The purported controverting affidavit was not properly sworn to, since it was made by one of the attorneys for the appellees before another one of them, and therefore amounted to a mere statement.

[1] None of these propositions, we conclude, can be sustained. The plea of privilege undoubtedly came too late, if the amended petition of the appellees did not set up a new cause of action, and we do not think it did; wherefore the holding of our Supreme Court in Foster v. Railway, 91 Tex. 631, 45 S. W. 376, rules the cause adversely to appellants. See, also, article 2012, Revised Civil Statutes of 1925; Kieschnick v. Martin (Tex. Civ. App.) 208 S. W. 948; Dickson v. Scharff (Tex. Civ. App.) 142 S. W. 980; Southern R. I.

Plow Co. v. Pitluk, 26 Tex. Civ. App. 327, 63 S. W. 354.

As has been indicated in the introductory statement, the suit was clearly still one for the recovery of land lying in Colorado county under the amendment, as it had been under the original petition. It is true that in the amended pleading the appellees alleged at length that they turned over to appellants, as security for debts they owed them, certain vendor's lien notes against the 634 acres, which was followed by an agreed foreclosure thereon, with the taking of the resulting title to the land in the name of the appellants in trust for the appellees, as well as by the subsequent execution of a quitclaim deed thereto by the appellees in favor of one of the appellants, coupled with the latters' agreement that they would still hold the title in trust for the appellees, and that appellants had repudiated these agreements by wrongfully retaining the title to the land in themselves; but they also therein averred that they still owned the land, were entitled to the possession thereof, to the rents and revenues therefrom, and that appellants, who merely held the title to it in trust for them under the arrangements referred to, were in duty bound to return it to them. The land and the parties were the same as before, and the prayers of the two petitions asked for no different relief.

[2] The suit, therefore, was still one for the recovery of the land lying in Colorado county, and the venue was properly maintained there, under subdivision 14 of R. S. art. 1995. Johnson v. Bryan, 62 Tex. 623; Grimes v. Hobson, 46 Tex, 416; English v. Hutchins, 2 Posey, Unrep. Cas. 407; Johnson v. Foster (Tex. Civ. App.) 34 S. W. 821; Peterson v. Fowler, 73 Tex. 524, 11 S. W. 534; Allen v. Stephanes, 18 Tex. 658; Dangerfield v. Paschal, 20 Tex. 536.

[3] As concerns the sufficiency of the pleading and proof under the controverting affidavit, the two facts relied upon by the appellees to maintain the venue originally laid in Colorado county were: (1) That appellants had waived any right to remove the cause to Gillespie county that might otherwise have inured to them under their plea of privilege, by first answering to the merits in Colorado county; (2) that the suit was for the recovery of land lying in Colorado county, hence "came within one of the exceptions to the exclusive venue to be sued in one's residence," and both of these were not only specifically set out under oath, but were undisputedly shown by the pleadings of the parties, which the court considered in determining the issue. This was sufficient.

Deeming further discussion unnecessary, the judgment has been affirmed.

Affirmed.